UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-133 |
| | ) | *Edgar / Lee* |
| JEROME THOMAS BUFORD | ) | |

## **MEMORANDUM AND ORDER**

Defendant Buford moves pursuant to Fed. R. Crim. P. 14 to sever Count Four from the trial of Counts One, Two, and Three of the indictment [Court Doc. No. 16]. Counts One, Two, and Three charge the defendant with federal offenses committed during the armed robbery of a restaurant that occurred on May 28, 2004. Count Four charges the defendant with committing a bank robbery on May 10, 2004, by use of force, violence, and intimidation in violation of 18 U.S.C. § 2113(a).

For the reasons expressed by the government in its response [Court Doc. No. 22], the motion to sever is **DENIED.** Fed. R. Crim. P. 8(a) provides that two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses are of the same or similar character. Joinder of offenses under Rule 8(a) is permissive. To the extent it is consistent with principles of due process, the Court may exercise its discretion to broadly construe Rule 8(a) to promote the important goals of trial convenience and judicial efficiency. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001); *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983). If the offenses are similar in character or of a like class of crimes, then they can be properly joined under Rule 8(a), although the offenses are not connected temporally or evidentially. *United States*

-1-

*v. Kirkpatrick*, 172 F.3d 50 (Table, text in 1998 WL 869978, * 6 (6th Cir. Dec. 1, 1998)); *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994); *see also*, *United States v. Werner*, 620 F.2d 922, 926-28 133 (2nd Cir. 1980); *United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978).

The Court concludes that Count Four is properly joined with the other counts in the indictment under Rule 8(a). Count Four is of a similar character to the other counts.

Even though joinder of offenses is appropriate under Rule 8(a), the Court in its discretion may sever Count Four and order separate trials pursuant to Fed. R. Crim. P. 14(a) if it appears that the defendant is prejudiced by the joinder of offenses. *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002); *Kirkpatrick*, 1998 WL 869978 at * 6; *United States v. Penney*, 2005 WL 1668292 (6th Cir. July 18, 2005). The Court balances the defendant's interest in obtaining a fair trial against the strong public interest in speedy, efficient trials that conserve judicial resources and avoid multiplicity of litigation. *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001); *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996); *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993); *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990); *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983); *Penney*, 2005 WL 1668292.

To prevail on a Rule 14 motion for severance, the defendant must show compelling, specific and actual prejudice. *Saadey*, 393 F.3d at 678; *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995); *see also United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). The Court is not required to grant a severance under Rule 14 merely because the defendant may have a better chance of acquittal if the Court grants a severance and holds separate trials. *Zafiro v. United States*, 506 U.S. 534, 540 (1993); *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004); *United States v.*

*Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997); *Welch*, 97 F.3d at 148; *United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

The Court finds that defendant Buford has not met his burden of showing compelling, actual prejudice that outweighs the public interest in promoting efficient trials and judicial economy. In sum, the Court is not persuaded that a severance of Count Four is necessary to prevent undue prejudice to the defendant at trial.

The counts set forth in the indictment are straightforward and easy to understand. It will not be difficult for the jury to compartmentalize and distinguish the particular evidence concerning each of the offenses charged in the indictment. The Court can give limiting instructions to the jury. The jury is presumed to follow and correctly apply limiting instructions. The jury is presumed capable of giving separate consideration to each count, and any potential prejudice from the joinder of offenses may be minimized or cured by a limiting instruction to the jury. *Zafiro*, 506 U.S. at 539; *United States v. Cline*, 362 F.3d 343, 349-50 (6th Cir. 2004); *United States v. Anderson*, 353 F.3d 490, 502 (6th Cir. 2003); *Cope*, 312 F.3d at 781; *United States v. Chavis*, 296 F.3d 450, 461-62 (6th Cir. 2002); *United States v. Jacob*, 244 F.3d 503, 507 (6th Cir. 2001); *Kirkpatrick*, 1998 WL 869978 at * 6; *United States v. Rugerio*, 20 F.3d 1387, 1391 (6th Cir. 1994); *Penney*, 2005 WL 1668292.

Accordingly, the defendant's motion to sever [Court Doc. No. 16] is **DENIED**.

SO ORDERED.

ENTER this *27th day of September, 2005*.

　　　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE