UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-133 |
| | ) | *Edgar / Lee* |
| | ) | |
| JEROME THOMAS BUFORD | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the defendant's motion to suppress the allegedly prejudicial identification of defendant Buford. [Court Doc. No. 18]. The Court referred the motion to suppress to United States Magistrate Judge Susan K. Lee for her report and recommendation. The Magistrate Judge has filed a report and recommendation. [Court Doc. No. 27]. The Magistrate Judge recommends that the defendant's motion to suppress be denied.

Defendant timely filed objections to the Magistrate Judge's report and recommendation. [Court Doc. No. 28]. After reviewing the record *de novo*, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's findings of fact, legal analysis, and recommendation pursuant to 28 U.S.C. § 636(b)(1). The defendant's motion to suppress [Court Doc. No. 18] is **DENIED**. The defendant's objections to the report and recommendation [Court Doc. No. 28] are **DENIED**.

In defendant's motion to suppress, he argues that the identification of him as the robber of a cafe by the cafe's manager, Jessica Nopper, was unnecessarily suggestive. He contends that this "showup" identification unfairly tainted the identification process and all evidence regarding

1

the identification should be excluded under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

The Magistrate Judge found that the "showup" identification involved an unnecessarily suggestive procedure, but that under the totality of the circumstances, Nopper's identification of defendant was reliable. The Magistrate Judge properly analyzed the five relevant factors set forth by the U.S. Supreme Court relating to whether, under the totality of the circumstances, an identification involving unnecessarily suggestive procedures is reliable. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *see also United States v. Hill*, 967 F.2d 226, 229 (6th Cir.), *cert. denied*, 506 U.S. 964 (1992). The defendant admits that three of the five relevant factors, Nopper's opportunity to view the criminal during the crime, the amount of attention Nopper paid to the criminal, and the amount of time that elapsed between the crime and the identification weigh in the government's favor. [Court Doc. No. 28, p. 2]. However, defendant argues that the other two factors, the accuracy of the witness' description and the witness' level of certainty in identifying the suspect, weigh in his favor. *Id.* He contends that some discrepancies between Nopper's description of the defendant with respect to dress and hair color, as well as her difficulty in seeing him while under the glare of headlights at night makes her testimony unreliable. The Court disagrees.

The Sixth Circuit has found no error in denials of suppression motions in cases in which there were some discrepancies between the defendant's appearance and the witness' description of the criminal. *See, e.g.*, *Hill*, 967 F.2d at 229, 232-33; *Ledbetter v. Edwards*, 35 F.3d 1062 (6th Cir. 1994); *Haynes v. Bell*, 145 F.3d 1331, 1998 WL 246386 *4 (6th Cir. 1998). Further, the Sixth Circuit has found that no error existed in admitting testimony where only three of the five

2

factors weighed in favor of admission of the testimony. *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 2004).

In the instant action three of the five relevant factors weigh heavily in favor of the reliability of the identification. Even if defendant is correct that the other two factors weigh in his favor, those factors contain only minor indicia of unreliability and do not weigh heavily in his favor. As the Magistrate Judge accurately noted, "[a]s long as there is not a substantial likelihood of misidentification, it is the function of the jury to determine the ultimate weight to be given to the identification." *Hill*, 967 at 230 (quoting *United States v. Causey*, 834 F.2d 1277, 1285 (6th Cir. 1987)). The Court therefore agrees with the Magistrate Judge's determination that due process does not require the exclusion of evidence of Nopper's identification of the defendant.

The trial schedule was continued pending a ruling on the defendant's suppression motion. 18 U.S.C. § 3161(h)(1)(F). The Court will separately enter a new case management schedule.

SO ORDERED.

ENTER this *28th day of October, 2005*.

                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE